Edgar J. Nathan, Jr., J.
Motion to dismiss the complaint is granted. The action is brought under section 1139 of the Civil Practice Act to annul a marriage for fraud. Both parties to the marriage are dead, the wife having predeceased the husband, leaving real property. Plaintiff, the heir of the wife, sues the heirs of the allegedly defrauding husband. As pointed out in Matter of Haney (14 A D 2d 121, 123) “ at common law, all matrimonial actions abated upon the death of either party ’ ’. Section 1139 of the Civil Practice Act relaxes this rule but “ does not provide for the survival of the cause of action upon the death of the spouse charged with perpetrating the fraud 7 ’ (p. 125). The reason found by the court in the Haney case for this omission in the statute is that if the defrauding spouse dies first he cannot share in the estate. This falls short of protecting heirs of the innocent wife against his heirs where he survives her but dies before a judgment of annulment can be obtained. Nevertheless, section 1139 is clear. The language of the statutes from which section 1139 is derived, cited at page 124 of the Haney case, reveals the same intention. A broadening of the rule to allow the claim presented would require action by the Legislature. The complaint is dismissed.